IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MICHAEL AARON JAYNE,
          MOVANT,

V.                                        Case No. A-16-CV-754-SS
                                        [No. A-12-CR-401(1)-SS]
UNITED STATES OF AMERICA,
          RESPONDENT.

## ORDER

Before the Court is Movant Michael Aaron Jayne's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [#50]. After consideration of the motion, it is denied.

### Background

On March 13, 2013, Jayne was sentenced to 120 months for violating 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm. Although the Government initially sought to enhance Jayne's sentence under the Armed Career Criminal Act, whereby Jayne's sentence would have been no less than 15 years to life, Jayne was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement where the parties agreed upon a sentenced of 120 months.

Jayne challenges his sentence pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). Jayne's motion was filed by the Federal Public Defender, who was recently granted permission to withdraw. The Federal Public Defender advises the Court that Jayne does not wish to withdraw his § 2255 motion and requests an order from the Court.

1

## Analysis

Defendant was sentenced under the United States Sentencing Guidelines and pursuant to an 11(c)(1)(C) plea agreement and was not sentenced under the Armed Career Criminal Act. Pursuant to *Beckles v. United States*, 137 S. Ct. 886 (2017), the Guidelines are not subject to vagueness challenges under the Due Process Clause. Because Jayne was not sentenced under the Armed Career Criminal Act, he is ineligible for relief.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing § 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Jayne's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not issue.

## Conclusion

Accordingly,

IT IS ORDERED that the stay in this case is LIFTED;

IT IS FURTHER ORDERED that Movant Michael Aaron Jayne's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [#50] is DENIED; and

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this 29th day of August 2017.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE